IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )    | |
| )    | |
| vs.                          )    | CRIMINAL NO. 06-00042-WS |
| )    | |
| **KERRY BRACY,**             )    | |
| )    | |
| **Defendant.**          )    | |

**ORDER**

This matter is before the Court on the defendant's "notice of appeal." (Doc. 214). The document purports to have been mailed on September 22, 2006 from the defendant's place of incarceration. However, the document was not postmarked by the Montgomery post office until October 16, 2006, and it was not received by the Clerk's office until October 18, 2006.

A notice of appeal in a criminal case must be filed within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(I). Entry of judgment occurs when the judgment is entered on the criminal docket. *Id*. 4(b)(6). In this case, sentencing took place on September 18, 2006, and entry of judgment occurred on September 27, 2006. (Doc. 194). Therefore, to be timely, the defendant's notice of appeal was required to be filed on or before October 12, 2006.[1]

As noted, the notice of appeal was not received by the Court until October 18, 2006. It is therefore ineffective as a notice of appeal.[2] However, because the notice was

---

[1] Because the time allowed by this rule is less than 11 days, it excludes intervening weekends and holidays. *Id*. 26(a)(2); *United States v. Brown*, 192 Fed. Appx. 942 (11th Cir. 2006).

[2] A special "mailbox rule" applies to prisoners who are proceeding pro se, under which a filing such as a notice of appeal is deemed filed as of the date it is delivered into the hands of prison officials for mailing. *E.g., Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The defendant cannot take advantage of the mailbox rule, however, because he was represented by counsel on September 22.

received within thirty days after October 12, the Court is required to construe it as a motion for an extension of time in which to appeal. *United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983); *accord In re: Williams*, 216 F.3d 1295, 1297 (11th Cir. 2000); *see also* Fed. R. App. P. 4(b)(4) (establishing deadline for filing a motion for extension of time).

The Court can grant such a motion only "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(a)(b)(4). The sole ground advanced by the defendant for extending the time to appeal is that he "cannot trust" his trial counsel to "do his duty, i.e., file a timely notice of appeal." (Doc. 214). The difficulty is that, following sentencing (and after the notice of appeal was prepared), the defendant filed a "Notice in Regard to Right of Appeal" confirming that "the Defendant was informed of his right to appeal from the entry of judgment of September 18, 2006, and Defendant advised counsel that he does not wish to notice appeal." (Doc. 190). The defendant personally, as well as his lawyer, signed this notice, so there is no question but that it accurately reflects the defendant's decision not to appeal. That the defendant at some point may have changed his mind about appealing does not establish excusable neglect or good cause under Rule 4(b)(4). *See United States v. Craig*, 368 F.3d 738, 739 (7th Cir. 2004) (trial court concluded that a defendant's change of mind about whether to appeal does not constitute good cause); *United States v. Maestas*, 1992 WL 83516 at *2 (10th Cir. 1992) (a defendant's change of mind about whether to appeal does not constitute excusable neglect); *United States v. Barger*, 1991 WL 196271 at *1 (7th Cir. 1991) (same). Because the defendant's implied motion reflects at most that he changed his mind about whether to appeal, the Court finds no excusable neglect or good cause sufficient to support a motion to extend the time to appeal.[3]

---

[3] After the defendant filed his motion for extension of time to appeal, the Court appointed appellate counsel. (Doc. 219). This was done in the mistaken belief that the defendant had timely filed a notice of appeal. It does not reflect a judicial finding that good cause or excusable neglect exists so as to support an extension of the time to appeal.

For the reasons set forth above, the defendant's implied motion to extend time in which to appeal is **denied**.

DONE and ORDERED this 24th day of January, 2007.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE