IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KERRY CALVIN BRACY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL ACTION NO. 07-0679-WS** |
| **v.** ) | |
| ) | **CRIMINAL ACTION NO. 06-0042-WS** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to vacate. (Doc. 262). The respondent has filed a response, (Doc. 289), the petitioner a reply, (Doc. 292), and the respondent a Court-ordered sur-reply, (Doc. 320), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to vacate is due to be denied.

**BACKGROUND**

The petitioner was one of seven defendants named in a 25-count third superseding indictment. (Doc. 66). The petitioner was charged with conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of crack cocaine (Count One); possession with intent to distribute .36 gram of crack (Count Two); possession with intent to distribute .8 gram of crack (Count Six); and possession with intent to distribute .8 gram of crack (Count Seven).[1]

The petitioner entered a plea of guilty to all four counts. (Doc. 138). There was no plea agreement. Because of the quantity of drugs charged, the statutory mandatory minimum sentence under Count One was ten years. 21 U.S.C. §§ 841(b)(1)(A), 846. The

---

[1] The petitioner was also named in Count Twenty-Five, a forfeiture count.

maximum penalty was life under Count One, and 20 years under each of the substantive counts.  *Id*. §§ 841(b)(1)(A), (C), 846.  The Court sentenced the petitioner to 168 months as to each count, to run concurrently.  (Doc. 194).  The petitioner did not appeal.

The petitioner's motion to vacate asserts four grounds:  (1) that Count One is duplicitous; (2) that Counts Six and Seven are multiplicitous; (3) that his plea was unknowing and involuntary; and (4) that he received ineffective assistance of counsel.  In his reply brief, the petitioner adds a challenge to his sentence.

## DISCUSSION

### I. Duplicitous Count.

"A count in an indictment is duplicitous if it charges two or more separate and distinct offenses."  *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009) (internal quotes omitted).  Count One alleges a conspiracy among seven defendants and unnamed others to possess with intent to distribute both cocaine and crack cocaine.  (Doc. 66 at 1-2).  That the conspiracy had two objects is immaterial.  "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects.*"  Braverman v. United States*, 317 U.S. 49, 54 (1942) (internal quotes omitted); *accord United States v. Hope*, 861 F.2d 1574, 1578 n.8 (11th Cir. 1988), *overruled on other grounds, United States v. Falcone*, 960 F.2d 988 (11th Cir. 1992 ) (en banc).

The petitioner's argument rests on different grounds, maintaining that Count One is duplicitous because there was in fact no conspiracy but simply a long list of disconnected buy-sell transactions.  (Doc. 262 at 14-15).  The Ninth Circuit cases on which he relies do not clearly support the proposition that a failure to prove a conspiracy renders a conspiracy count duplicitous.  In any event, and as discussed in Part III, there was ample evidence before the Court that a conspiracy existed of which the petitioner was

a member.

In his reply brief, the petitioner suggests vaguely that Count One is duplicitous because it invokes both 21 U.S.C. § 846 and 18 U.S.C. § 2.  (Doc. 297 at 9).  It is true that, "[a]s a matter of law, aiding and abetting the commission of a crime and conspiracy to commit *that crime* are separate and distinct offenses."  *United States v. Nelson*, 599 F.2d 714, 716 (5th Cir. 1979) (emphasis added).  Count One alleges that the petitioner and others conspired to violate 21 U.S.C. § 841.  (Doc. 66 at 1-2).  If Count One also alleged that the petitioner aided and abetted a violation of Section 841, it would be duplicitous, but it does not.  Instead, it alleges that the petitioner aided and abetted *a conspiracy* to violate Section 841.  Count One may allege that the petitioner is liable for a violation of Section 846 even if he did not join the conspiracy so long as he aided and abetted the conspiracy, but it does not impermissibly charge two separate and distinct offenses in a single count.

Even had the petitioner's argument been otherwise colorable, he waived it by pleading guilty.  "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."  *United States v. De la Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008).  A duplicitous count is not a jurisdictional defect.  *Seher*, 562 F.3d at 1359-60.  Since, as discussed in Part III, the petitioner's attack on the voluntary and knowing nature of his plea fails, his challenge to Count One as duplicitous necessarily fails as well.

**II.  Multiplicitous Counts.**

"An indictment is multiplicitous if it charges a single offense in more than one count."  *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008).  The petitioner complains that Counts Six and Seven are multiplicitous because each charges that he possessed with intent to distribute approximately 0.8 gram of crack cocaine on October

11, 2005. (Doc. 262 at 15-17). That they do, but only because the petitioner on that date twice sold 0.8 gram of crack to undercover officers. (Doc. 177 at 6, ¶ 15). Indeed, at his guilty plea hearing the petitioner, directly and through counsel, admitted the existence of two sales on October 11. (Doc. 278 at 24, 27, 28).

The petitioner's claim is factually unsustainable, but even if it were not it would be waived for the reasons set forth in Part I. *See also United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984) (under Rule 12(b), "[a]ppellant's failure to object to the multiplicity of the indictment before trial constitutes a waiver of the multiplicity objection ....").

### III. Knowing and Voluntary Plea.

"When accepting a guilty plea, a court must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (internal quotes omitted).

The petitioner does not invoke the first concern. As to the third, he asserts without explanation that he "was not fully aware of the direct consequences of what he was pleading to." (Doc. 297 at 5). The consequences that must be discussed with a pleading defendant are set forth in Rule 11(b)(1). *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). These include certain rights that are waived by a guilty plea and certain information concerning possible penalty. The transcript of the guilty plea hearing confirms that the Court covered every one of these with the petitioner and that, with respect to each, the petitioner explicitly stated that he understood. (Doc. 278). Any contention that the petitioner's guilty plea was unknowing or involuntary based on ignorance or misunderstanding of the consequences of his plea is facially meritless.

The petitioner also asserts that he did not have adequate notice of the charges

against him. (Doc. 262 at 19). "[T]he extent of explanation required varies from case to case and charge to charge, and we have generally deferred to the good judgment of the court, [and] its calculation of the relative difficulty of comprehension of the charges and the defendant's sophistication and intelligence." *United States v. Cesal*, 391 F.3d 1172, 1178-79 (11th Cir. 2004), *vacated and remanded on other grounds*, 545 U.S. 1101 (2005), *opinion reinstated*, 2005 WL 1635303 (11th Cir. 2005). The explanation of the conspiracy charge (the only one the petitioner addresses) corresponds precisely with that provided by the trial court in *Cesal*, (Doc. 278 at 20-21), which the Eleventh Circuit pronounced "adequate." *Id*. at 1179. As in *Cesal*, the petitioner's "acknowledgment that he understood what the government would have to prove at trial evidences his understanding of the elements of the conspiracy charge," and there "is no indication that he failed to understand that he was pleading guilty to willfully participating in a conspiracy to possess and distribute" cocaine and crack. *Id*.[2]

The petitioner's real beef is that he pleaded guilty "without a legal factual [sic] basis underlying the charges." (Doc. 262 at 17). Rule 11(b)(3) provides that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." While, "[f]or a guilty plea to be entered knowingly and intelligently, the defendant ... must be reasonably informed of ... the factual basis underlying those charges,"[3] the petitioner does not complain that he was not advised of the factual basis supporting the charges.[4] Instead, he contends that this factual basis is inadequate to support his conviction. Such an argument may not go to the knowing and voluntary nature of the plea to begin with. *See, e.g., United States v. Frye*, 402 F.3d 1123, 1125,

---

[2]The same is true of the substantive charges, which the Court explained to the petitioner to his satisfaction. (Doc. 278 at 21-22).

[3]*Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (internal quotes omitted).

[4]He could scarcely do so, since he explicitly was so advised. (Doc. 278 at 23-24, 26-27).

1127-28 (11th Cir. 2005) (describing, and analyzing, "insufficient factual basis" and "knowing and voluntary" as separate issues).[5]

At any rate, the petitioner's contention is plainly wrong. The petitioner argues the government offered nothing to show that he joined a conspiracy to distribute drugs, (Doc. 262 at 18), but the factual basis presented at the guilty plea hearing included the statement of co-defendant Prim that he regularly supplied drugs to the petitioner for distribution in Baldwin County, (Doc. 278 at 23), the accuracy of which statement the petitioner, through counsel, admitted. (*Id*. at 26). This statement alone is a sufficient factual basis to find that the petitioner entered an agreement with Prim to possess with intent to distribute cocaine and crack. The petitioner considers it significant that the government did not show he "was in any way involved with" the other co-conspirators, which included Prim's supplier and other dealers supplied by Prim. (Doc. 262 at 19). However, "[a] person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are." Eleventh Circuit Pattern Jury Instructions (Criminal) 13.1 (2003). Indeed, "[i]n order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme." *Id*. (emphasis in original). The petitioner's asserted ignorance of other co-defendants is legally irrelevant to his guilt.

As for the substantive offenses, the petitioner insists that "[a]t no time was [he] ever found to be in possession of any controlled substance." (Doc. 262 at 18). The factual basis presented at the guilty plea hearing, however, included confirmation that undercover agents purchased crack from the petitioner on each of the three occasions

---

[5]*But see McCarthy v. United States*, 394 U.S. 459, 467 (1969) (having the trial court assess the factual basis "is designed to protect a defendant who is in the position of pleading guilty voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge") (internal quotes omitted); *accord Libretti v. United States*, 516 U.S. 29, 42 (1995); *see also United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000) (treating the adequacy of the factual basis under the "second core objective of Rule 11").

described in Counts Two, Six and Seven. (Doc. 278 at 24). Again, the petitioner through counsel admitted the accuracy of this information. (*Id*. at 26). Again, that statement alone is a sufficient factual basis to find that the petitioner on each of those occasions possessed crack with the intent to distribute it.[6]

## IV. Sentence.

The statutory minimum term of imprisonment on the conspiracy count was ten years, and the statutory maximum was life. The statutory maximum on each of the three substantive counts was 20 years, with no statutory minimum. As noted, the petitioner was sentenced to 168 months under each count.

In his reply brief, the petitioner argues that his sentence on Count One is improper based on the arguments addressed in Parts I and III. (Doc. 297 at 9). He also argues that his sentence under Counts Two, Six and Seven is disproportionate to the amount of crack involved in those three sales. (*Id*. at 9-10).

The threshold problem for the petitioner is that this claim is time-barred. "A 1-year period of limitation shall apply to a motion [to vacate] under this section." 28 U.S.C. § 2255(f). The one-year period ordinarily runs from "the date on which the judgment of conviction becomes final." *Id*. § 2255(f)(1).[7] When a petitioner does not appeal his conviction and sentence, "[a] conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United*

---

[6]To show a factual basis for the plea, the government relied on a proffer by counsel rather than testimony from the petitioner or others. While some cases speak in terms of "evidence" from which it may be found that the defendant is guilty, *e.g., Frye*, 402 F.3d at 1128, others make clear that a proffer by the prosecutor is sufficient. *E.g., Camacho*, 233 F.3d at 1313, 1317-18; *United States v. DePace*, 120 F.3d 233, 238-39 (11th Cir. 1997).

[7]None of the other deadlines is even possibly implicated in this case. *Id*. § 2255(f)(2)-(4).

*States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Judgment was entered on September 27, 2006. (Doc. 194). Because the petitioner had ten days to file a notice of appeal, Fed. R. App. P. 4(b)(1)(A)(i), his one-year period to file a motion to vacate began to run on or about October 11, 2006 and expired one year later. *Accord Arroyo v. United States*, 2009 WL 5126544 at *1 (11th Cir. 2009); *Rodriguez v. United States*, 279 Fed. Appx. 753, 753 (11th Cir. 2008). The petitioner's motion to vacate was timely filed but, because his reply brief was filed long after October 2007, the new claim embedded in it is untimely.

"An amendment of a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading ...." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) applies to motions to vacate filed under Section 2255. *E.g., Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). Were the new claim in the petitioner's reply brief to relate back to the filing of his motion to vacate, it would be timely even though filed after October 2007. To successfully invoke Rule 15(c) in the Section 2255 context, however, "[t]he untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (quoting *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000)). "The *Davenport* rule makes it clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims." *Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001).

The petitioner's new claim plainly fails this test. All of his timely claims address his guilty plea and events preceding his plea, while his new claim focuses on the sentence he received some three months later. As a matter of law, this claim does not relate back. *E.g., Mabry v. United States*, 336 Fed. Appx. 961, 963 (11th Cir. 2009) (where the petitioner's timely claims addressed sentencing and his new claim addressed plea negotiations, the new claim did not relate back under the *Davenport* test).

In any event, the petitioner's new claim is meritless. His only argument

concerning his sentence under the conspiracy count is that he should have received no sentence because he should not have been convicted. Because, as discussed in Parts I and III, the petitioner's only challenges to his conspiracy conviction are invalid, his challenge to his resulting sentence necessarily fails.

The petitioner's challenge to his sentence under the substantive counts is based on the misguided notion that, for sentencing purposes, he can be held accountable only for the 1.96 grams of crack involved in the three sales made the subject of the substantive counts. (Doc. 297 at 9-10). On the contrary, the Sentencing Guidelines specifically provide that, for purposes of calculating a base offense level, a defendant shall be accountable for "all acts and omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction," plus "all acts and omissions ... that were part of the same course of conduct." U.S.S.G. § 1B1.3(a)(1), (2). The only evidence presented to the Court, which the Court accepted, was that Prim sold Bracy, for further distribution, 1/4 ounce of crack on approximately 180 occasions, and approximately the same quantity of powder cocaine. (Doc. 321 at 11, 20-21). The amount of crack alone, acquired by the petitioner as part of the same course of conduct, exceeded 1,100 grams, resulting in the base offense level of 36 utilized by the Court. (Doc. 177 at 10, 12).

## V.  Procedural Default.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. [citations omitted] This rule generally applies to all claims, including constitutional claims." *United States v. Lynn*, 365 F.3d 1225, 1234 (11th Cir. 2004). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct

appeal *and* actual prejudice from the alleged error. [citations omitted] Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. (emphasis in original) (internal quotes omitted). Each of the petitioner's claims addressed in Parts I-IV, in addition to their other substantive and procedural flaws, is procedurally defaulted.

"[T]o show cause for procedural default, [a petitioner] must show that some objective factor external to the defense prevented [the petitioner] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the petitioner's] own conduct." *Lynn*, 365 F.3d at 1235. Here, the petitioner did not appeal because he, in a writing filed with the Court, "advised counsel that he does not wish to notice appeal." (Doc. 190).[8] Thus, the petitioner's failure to raise his current claims on direct appeal is fairly attributable to his own conduct in choosing not to appeal, and he therefore cannot establish cause for his procedural default.[9]

The petitioner nominally asserts "actual innocence," (Doc. 262 at 17), but this is based on nothing more than the arguments discredited in Parts I-IV. Actual innocence "must be established by clear and convincing evidence," *Reece v. United States*, 119 F.3d 1462, 1465 n.5 (11th Cir. 1997) (internal quotes omitted), and the petitioner does not remotely approach this exacting standard.

---

[8]The Court denied the petitioner's subsequent motion for an extension of time in which to appeal, because the petitioner's mere change of mind about whether to appeal did not constitute good cause or excusable neglect for purposes of Rule 4(b)(4). (Doc. 229). The petitioner did not appeal that order.

[9]"Ineffective assistance of counsel can be cause to excuse a procedural default." *Hammond v. Hall*, 586 F.3d 1289, 1323 (11th Cir. 2009). The petitioner, however, does not argue that counsel should have appealed on any of the issues addressed in Parts I-IV. Nor does he allege either that he instructed counsel to appeal or that counsel failed to consult with him about a possible appeal. *See generally Roe v. Flores-Ortega*, 528 U.S. 470, 476-79 (2000).

## VI. Ineffective Assistance.

To establish ineffective assistance of counsel, "a petitioner must show that counsel's performance was deficient and that he was prejudiced by that deficiency. A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." *Hagins v. United States*, 267 F.3d 1202, 1204-05 (11th Cir. 2001) (internal citations omitted); *accord Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001); *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990). Deficient performance requires a showing that counsel's performance is "objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." *Id*.[10] Prejudice requires a showing of a "reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently." *Id.*[11]

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (internal quotes omitted). Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir.

---

[10] A petitioner "must prove deficient performance by a preponderance of competent evidence, and the standard is reasonableness under prevailing professional norms." *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303 (11th Cir. 2000). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that *no* reasonable lawyer, in the circumstances, would have done so. ... Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (emphasis added) (internal quotations and citations omitted).

[11] A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Gallo-Chamorro*, 233 F.3d at 1303-04. A petitioner must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Cross*, 893 F.2d at 1292 (citation omitted).

1994). Rather, an attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

In his initial brief, the petitioner argues only that counsel "refused to raise any issues as to the sufficiency of the evidence." (Doc. 262 at 20). As discussed in Part III, there was a sufficient evidentiary basis to support the petitioner's conviction. Counsel therefore could not have rendered deficient performance by failing to argue to the contrary, and the petitioner could not have been legally prejudiced by the failure.

In his reply brief, the petitioner argues that "[n]o competent counsel will advise his client to plead guilty to a blind plea, without the safe guards [sic] of a plea agreement," since it requires the defendant to plead guilty "knowing not the sentence outcome." (Doc. 297 at 10). That is, the petitioner argues that allowing a client to enter a blind plea is necessarily ineffective assistance. Like the petitioner in *Braun v. Ward*, 190 F.3d 1181 (10th Cir. 1999), the petitioner "does not cite any case law for the proposition ... that it was per se ineffective assistance to allow [him] to enter the plea 'blind,' that is, without a guarantee of the sentence." *Id*. at 1190 n.7. Nor has the Court uncovered any such authority.

"[A] court must not second-guess counsel's strategy," and "reliance on [one] line of defense to [the] exclusion of others is [a] matter of strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.14 (11th Cir. 2000) (en banc). An attorney's strategy must be upheld if it is a reasonable one. *Id*. at 1315 n.16. To make this determination, "we need not attempt to divine the lawyer's mental processes underlying the strategy." *Id*. If the course that counsel took is reasonable, "it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of [his selected course] was not a deliberate choice between" courses of action. *Id*.

As compared to a negotiated plea agreement, a blind plea represents a trade-off. Under the typical plea agreement, the government agrees to recommend that the Court impose a particular sentence (usually, in this district, the guideline minimum) or to stand silent at sentencing, but the defendant must agree to a quantity of drugs that may result in an increased guideline range, and he abandons almost all rights to appeal his sentence.[12] Under a blind plea, the defendant remains free at sentencing to challenge the quantity of drugs and thus drive down the guideline range, and also remains free to appeal his sentence on any available grounds, but he foregoes a government recommendation of a low sentence. Evaluating such a trade-off represents a quintessentially strategic decision, immune from second-guessing in the guise of an ineffective assistance challenge.

It is possible to construct a successful ineffective assistance claim based on advice to plead blind under particular circumstances. Thus, in *Esslinger v. Davis*, 44 F.3d 1515, 1529-30 (11th Cir. 1995), counsel was ineffective when, without knowing the defendant's criminal history, he advised him to enter a blind plea, resulting in the defendant being sentenced, as a habitual offender, to a statutory minimum 99 years. *Id*. at 1529-30. The petitioner, however, identifies no special circumstances and instead relies exclusively on a per se rule that simply does not exist. *See id.* at 1530 ("We do not hold that an attorney who recommends a blind plea inherently fails to perform as required by the Sixth Amendment.").

While, as discussed above, the petitioner cannot establish deficient performance by counsel, neither can he establish the requisite prejudice from counsel's performance. "In the guilty plea context, to establish prejudice 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Esslinger*, 44 F.3d at 1529 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The petitioner does not allege that he would have insisted on trial but for counsel's recommendation of a blind plea. On the contrary, he

---

[12]Prim entered such a plea agreement. (Doc. 134).

asserts that he "would have plead [sic] guilty under the guidance of a competent attorney." (Doc. 297 at 12). This admission negates his ability to establish prejudice.

## VII. Evidentiary Hearing.

The petitioner requests an evidentiary hearing. (Doc. 320 at 13). "Unless the motion [under Section 2255] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

- Where the petitioner's claim is "patently frivolous," *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989);
- Where the claim is "based upon unsupported generalizations," *id.*;
- Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002);
- Where the facts alleged are not "reasonably specific [and] non-conclusory," *id*. at 714-15;
- "[W]here the petitioner's allegations are affirmatively contradicted by the record," *id.* at 715;
- Where the petitioner's version of the facts has already been accepted as true, *Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and
- Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).

As is evident from the Court's discussion above, the petitioner's claims are subject to one or more of these exceptions. Accordingly, the petitioner is not entitled to an

evidentiary hearing.

## CONCLUSION

For the reasons set forth above, the petitioner's motion to vacate is **denied**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 2nd day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
