IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 06-0042-WS |
| ) | |
| KEVIN CALVIN BRACY, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the Court on the defendant's motion for reconsideration. (Doc. 394). The defendant seeks reconsideration of the Court's order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence based on Amendment 750 to the Sentencing Guidelines. As the Court's order explains, Amendment 750 did not lower the defendant's base offense level, due to the amount of crack involved in his offense. Thus, he cannot obtain relief based on that amendment. (Doc. 393).

The defendant acknowledges that his base offense level is unaffected by Amendment 750, but he argues that his sentence should nevertheless be lowered due to his post-conviction rehabilitation efforts. (Doc. 394). Relief is possible only if the defendant's "sentencing range … has subsequently been lowered by" an amendment. 18 U.S.C. § 3582(c)(2). Because Amendment 750 did not lower the defendant's sentencing range, his post-conviction rehabilitation efforts are irrelevant.

The defendant cites *Pepper v. United States*, 131 S. Ct. 1229 (2011), but *Pepper* allows a court to consider post-sentencing rehabilitation efforts only "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing." *Id*. at 1241. The defendant's sentence has not been set aside on appeal, so *Pepper* is inapplicable. *United States v. James*, 438 Fed. Appx. 307 (5th Cir. 2011); *United States v. Tapps*, 412 Fed. Appx. 878 (7th Cir. 2011).

[1]

For the reasons set forth above, the defendant's motion for reconsideration is **denied**.

DONE and ORDERED this 9th day of February, 2012.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE